**UNITED STATES of America, Appellant,**

v.

**Max ABRAMSON et al., Appellees.**

**UNITED STATES of America, Appellant,**

v.

**John SALANITRO et al., Appellees.**

**Nos. 73–1668, 73–1667.**

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 11, 1973.

Decided July 29, 1974.

William K. Schaphorst, U. S. Atty., Omaha, Neb., for appellant.

Oscar B. Goodman, Las Vegas, Nev., for appellees.

Before GIBSON and ROSS, Circuit Judges, and TALBOT SMITH,* Senior District Judge.

PER CURIAM.

The cases before us, consolidated for purposes of review, present for decision one common issue, namely, the suppression of evidence obtained through wiretaps. We will confine our ruling to this issue, noting only, as to the charges made, that various violations of law pertaining to interstate gambling offenses were alleged.[1]

Subsequent to the Government's notification that it intended to use at trial evidence obtained from wiretaps conducted pursuant to Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. §§ 2510–2520, defendants moved to suppress all evidence from the wire interception. Such motion was granted by the District Court, and the Government appeals under 18 U.S.C. §§ 3731 and 2518(10)(b).

---

* TALBOT SMITH, Senior District Judge, Eastern District of Michigan, sitting by designation.

1. Defendants Salanitro, Sirian and Howard were charged with conspiring to use a facility in interstate commerce to conduct an illegal gambling business in violation of 18 U.S. C. § 1952 and conspiracy to transmit gambling information in interstate commerce over wire communications facilities in violation of 18 U.S.C. § 1084, as well as a substantive crime under 18 U.S.C. § 1955.

Defendants Abramson, Grooms, Wisniewski, and Quinn were also charged under 18 U.S.C. §§ 1952, 1084 and 1955.

It is conceded by the Government in its brief that the files submitted to the Attorney General for authorization ,of the wiretap here involved "were reviewed by Sol Lindenbaum [the Executive Assistant to the Attorney General] who concluded from his knowledge of the Attorney General's action in previous cases that the Attorney General would approve the request. Since the Attorney General was not available Sol Lindenbaum approved the request."

The case is controlled by United States v. Giordano, 416 U.S. 505, 94 S. Ct. 1820, 40 L.Ed.2d 341 (1974). "Plainly enough, the Executive Assistant is neither the Attorney General nor a specially designated Assistant Attorney General," id. 94 S.Ct. at 1825, who may authorize an application for intercept authority under 18 U.S.C. § 2516.

The order of suppression is affirmed and the case remanded for further proceedings consistent herewith.